UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
                        )
          v.           )     Criminal No. 04-10063-RCL
                        )
NESTOR RODRIGUEZ      )
     Defendant        )

## SENTENCING MEMORANDUM OF THE UNITED STATES

On May 25, 2004, the defendant pled guilty to four counts of the Indictment in this case, charging him with conspiracy to distribute heroin (Count 1), two counts of distributing heroin (Counts 3 and 4), and one count of possession with intent to distribute heroin (Count 7). This memorandum is submitted to aid the Court in sentencing the defendant.

The Presentence Report ("PSR") prepared by the United States Probation Office, dated August 17, 2004 (and the addendum dated September 1, 2004), correctly sets forth the sentencing guideline range as 188 to 235 months, based on a Total Offense Level of 31 and a Criminal History Category of VI. The PSR's guideline range is consistent with the parties' Plea Agreement, dated March 18, 2004, in which the parties agreed "to take the position that the Base Offense Level is 34, that Defendant is a Career Offender pursuant to U.S.S.G. § 4B1.1, and that Defendant's criminal history category is therefore Category VI." Plea Agreement ¶ 3(A). The government recommends that the Court sentence the defendant to a term of incarceration of 188 months, representing the low end of the guideline range.

A.    **THE DEFENDANT'S CRIMINAL HISTORY**

For the past 25 years, the defendant has been a one man crime spree.  The defendant has 174 entries on his Massachusetts Board of Probation criminal history record.  According to the PSR, the defendant has amassed 14 criminal history points and *four career offender predicates*, including convictions for armed robbery (for which he served 5 years in prison), unarmed robbery by force and violence (4 years in prison), distribution of heroin (4 years in prison), and distribution of cocaine (11 months in prison).  His convictions and other arrests show a steady and consistent pattern from 1979 to the present.  See PSR ¶¶ 40-90. He is currently in default in Taunton District Court on charges of (i) assault with a dangerous weapon (a gun) and (ii) threatening to commit murder.  PSR ¶ 74.  It appears that the only time that the defendant has not been committing crimes against society is when he has been in prison.  The defendant is the definition of a career offender.

B.    **THE DEFENDANT'S *BLAKELY* ARGUMENTS**

The defendant nevertheless argues that he should not be sentenced as a career offender.  Based on Blakely v. Washington, 124 S.Ct. 2531 (2004), and this Court's prior statements regarding Blakely, the defendant argues that the career offender provision of the guidelines do not apply and that he cannot be sentenced as a career offender.

2

The First Circuit has indicated that <u>Blakely</u> does not effect
enhancements based on prior convictions.  This is consistent with
the position of the vast majority of circuit courts.  The Court's
prior views of <u>Blakely</u>, generally, must adapt to the specific
guidance provided by the First Circuit and other circuit courts
regarding the specific issue of <u>Blakely</u> and recidivism
enhancements.

In <u>United States v. Stearns</u>, 03-2340 at 5-6 (1st Cir. Nov.
1, 2004), the First Circuit stated that "the <u>Blakely</u> decision
does not encompass sentencing enhancements based upon 'the fact
of prior conviction,' which is not the type of circumstance which
the Sixth Amendment mandates be determined by a jury, rather than
the sentencing court." (quoting <u>United States v. Cordoza-Estrada</u>,
385 F.3d 56, 59 (1st Cir. 2004) ("In <u>Apprendi</u>, the Supreme Court
stated: 'Other than the fact of a prior conviction, any fact that
increases the penalty for a crime beyond the prescribed statutory
maximum must be submitted to a jury, and proved beyond a
reasonable doubt.'  <u>Blakely</u> did not disturb the distinction
between 'the fact of a prior conviction' and other facts that
'increase the penalty for a crime beyond a prescribed maximum.'")
(citations omitted)).

The defendant in <u>Stearns</u> was convicted of being a felon in
possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).
The district court then enhanced his sentence, pursuant to the

3

armed career criminal provision of U.S.S.G. § 4B1.4, based on his
four prior convictions.  Stearns, 03-2340 at 2.  Since the
defendant did not raise a Sixth Amendment issue at sentencing,
the First Circuit's Blakely review was for plain error.  Id. at
4.  Regardless of the standard of review, the First Circuit's
reasoning simply cannot be squared with a decision by this Court
that the career offender provision of the guidelines does not
apply because of Blakely.

The Stearns court based its rejection of the defendant's
Blakely argument decision on two independent justifications.
First, as noted, the court reasoned that "the Blakely decision
does not encompass sentencing enhancements based upon 'the fact
of prior conviction,' which is not the type of circumstance which
the Sixth Amendment mandates be determined by a jury, rather than
the sentencing court."  Id. at 5-6.  Second, the court reasoned:

> In addition, even if "the fact of a prior conviction"
> were not already beyond the ambit of Blakely, in the
> Stearns indictment the government listed the two prior
> burglary convictions as ACCA predicate offenses, and
> the Stearns guilty plea would constitute an admission
> of fact which independently removed his case from the
> operation of Blakely.

Id. at 6 (quoting United States v. Saldivar-Trujillo, 380 F.3d
274, 279 (6th Cir.2004) (noting that Blakely does not apply to
"facts . . . admitted by the defendant") (citing Blakely, 124
S.Ct. at 2537).

Under either rationale, the defendant's <u>Blakely</u> arguments regarding his career offender status must be rejected.[1]  A ruling to the contrary simply could not be squared with <u>Stearns</u> and <u>Cordoza-Estrada</u>.

The First Circuit's statements in <u>Stearns</u> and <u>Cordoza-Estrada</u> are based on the distinction drawn by the Supreme Court, first in <u>Apprendi</u>, and then confirmed in <u>Blakely</u>, that the Sixth Amendment concern underlying both those decisions relates to sentencing enhancements based on fact-finding by judges (rather than juries), and that those concerns are not implicated by enhancements based on prior convictions.  Indeed, the Supreme Court made this distinction explicit in <u>Almendarez-Torres</u>, which <u>Blakely</u> did not overrule.

In <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 229-48 (1998), the Supreme Court squarely held that facts concerning a defendant's prior convictions need not be presented to the jury even though such facts may enhance a defendant's sentence.  The Court stated:  "the sentencing factor at issue here -- recidivism -- is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence." <u>Id</u>. at 243.  <u>Blakely</u> does not overrule the Court's decision in <u>Almendarez-Torres</u>.  Consequently, <u>Blakely</u> does not prevent the

---

[1] In this case, of course, the defendant admitted the fact of his career offender convictions by pleading pursuant to a plea agreement in which he agreed that he is a career offender.

courts from considering the fact of a prior conviction during sentencing.

Since Blakely was announced, several courts have addressed the use of prior convictions during sentencing and have consistently held that a sentencing judge may take prior convictions into consideration when determining a sentence.  See, e.g., United States v. Moorer, 383 F.3d 164, 169 (3d Cir.2004) (reasoning that Blakely applied only to factual determinations and that the defendant's status as a career offender was "purely a matter of law under the Sentencing Guidelines"); United States v. Marseille, 377 F.3d 1249, 1256 n. 14 (11th Cir.2004) ("We have reviewed Blakely and conclude that it is inapposite . . . . [T]hough the district court found that Marseille had prior convictions, Blakely does not take such fact-finding out of the hands of the courts."); United States v. Quintana-Quintana, 2004 WL 2047358, *1 (9th Cir. 2004)(holding that Blakely does not change the prior conviction exception carved out in Apprendi); United States v. Sanders, 377 F.3d 845, 847 n. 3 (8th Cir.2004) ("While the Court [in Blakely] declared unconstitutional any increase in penalty beyond the prescribed statutory maximum based on facts not submitted to a jury and proved beyond a reasonable doubt, the Court expressly exempted 'the fact of prior conviction.'"); United States v. Cooper, 375 F.3d 1041, 1052 n. 3 (10th Cir.2004) (describing Blakely as "reaffirming" Apprendi's

6

exception for the fact of a prior conviction); <u>United States v. Rodriquez</u>, 2004 WL 2034850, *1 (N.D. Ill. 2004) ("[T]he factor that set the Sentencing Guideline §4B1.1(A)'s career offender provision -- and in that regard <u>Blakely</u> (like the <u>Apprendi</u> case that preceded it) expressly teaches that a defendant's prior criminal history (the fact that triggered career offender status for [the defendant]) does not have to be submitted to a jury for determination."); <u>United States v. Byrd</u>, 2004 WL 1618832, *2 (W.D. Tex. 2004) (<u>Blakely</u> decision did not preclude the court from finding that defendant was a career offender for sentencing purposes); <u>United States v. Losoya-Mancias</u>, 332 F.Supp.2 1261 (N.D.2004) (rejecting career offender challenge, reasoning that, "[a]n exception has been carved out for prior convictions and that was the express holding in <u>Almendarez-Torres</u>"); <u>United States v. Burrell</u>, 2004 WL 1490246 (W.D.Va. July 6, 2004).

The defendant's argument is thus foreclosed by <u>Almendarez-Torres</u>, by the clear import of First Circuit, post-<u>Blakely</u> rulings in <u>Stearns</u> and <u>Cordoza-Estrada</u>, and by the overwhelming weight and logic of federal decisions throughout the country.

<u>**CONCLUSION**</u>

For the foregoing reasons, and those set forth in the PSR. the government recommends that the Court sentence the defendant to a term of incarceration of 188 months, representing the low end of the guideline sentencing range.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney,


By:  <u>/S/ PETER K. LEVITT          </u>
PETER K. LEVITT
Assistant U.S. Attorney
One Courthouse Way
Boston, MA 02210
(617)748-3355

November 26, 2004

8

## CERTIFICATE OF SERVICE

I, Peter K. Levitt, do hereby certify that a copy of the foregoing was served this day by fax on counsel for Nestor Rodriguez.

/s/ PETER K. LEVITT
Peter K. Levitt

November 26, 2004

9