```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
                         )
         v.              )    Criminal No. 04-10063-RCL
                         )
NESTOR RODRIGUEZ         )
     Defendant           )
```

**SECOND SENTENCING MEMORANDUM OF THE UNITED STATES**

On May 25, 2004, the defendant pled guilty to four counts of the Indictment in this case, charging him with conspiracy to distribute heroin (Count 1), two counts of distributing heroin (Counts 3 and 4), and one count of possession with intent to distribute heroin (Count 7).  On November 29, 2004, the defendant was sentenced by this Court to a term of imprisonment of 188 months, to be followed by six years of supervised release.  The defendant appealed his sentence.  On June 8, 2005, the government assented to a remand for re-sentencing in the case in light of United States v. Booker, 125 S.Ct. 738 (2005).  This memorandum is submitted to aid the Court in sentencing the defendant.[1]

The Presentence Report ("PSR") prepared by the United States Probation Office, dated August 17, 2004 (and the addendum dated September 1, 2004), correctly sets forth the sentencing guideline range as 188 to 235 months, based on a Total Offense Level of 31

---

[1] Unlike many cases in which the government has agreed to a remand in light of Booker, this is not a case where the District Court expressed any hesitation about the sentence involved or indicated that it, for example, had "no choice" but to sentence the defendant within the guidelines.  To the contrary, the District Court expressed no hesitancy about sentencing the defendant to a term of incarceration of 188 months.

and a Criminal History Category of VI.  The PSR's guideline range is consistent with the parties' Plea Agreement, dated March 18, 2004, in which the parties agreed "to take the position that the Base Offense Level is 34, that Defendant is a Career Offender pursuant to U.S.S.G. § 4B1.1, and that Defendant's criminal history category is therefore Category VI."  Plea Agreement ¶ 3(A).

At the November 29, 2004, sentencing hearing, this Court found that the defendant's Total Offense Level was 31, that his Criminal History Category was VI, and that his Guideline Sentencing Range was therefore 188-235.  The Court, consistent with the government's recommendation, sentenced the defendant to 188 months, representing the low end of the guideline range.  On re-sentencing, for the reasons stated below, the government again recommends that the Court sentence the defendant to a term of incarceration of 188 months, representing the low end of the guideline range.

    A.    **THE DEFENDANT'S CRIMINAL HISTORY**

The defendant's sentencing range is driven by his extensive criminal history.  For the past 25 years, the defendant has been a one man crime spree.  The defendant has 174 entries on his Massachusetts Board of Probation criminal history record.  According to the PSR, the defendant has amassed 14 criminal history points and *four career offender predicates*, including

2

convictions for armed robbery (for which he served 5 years in prison), unarmed robbery by force and violence (4 years in prison), distribution of heroin (4 years in prison), and distribution of cocaine (11 months in prison).  His convictions and other arrests show a steady and consistent pattern of criminal conduct from 1979 to the present.  See PSR ¶¶ 40-90.  He is currently in default in Taunton District Court on charges of (i) assault with a dangerous weapon (a gun) and (ii) threatening to commit murder.  PSR ¶ 74.  It appears that the only time that the defendant has not been committing crimes against society is when he has been in prison.  The defendant is the definition of a career offender.

### B. THE CAREER OFFENDER PROVISION OF THE GUIDELINES

The defendant will presumably argue that the Court should not sentence him as a "career offender" in light of the determination in Booker that the United States Sentencing Guideline's are only advisory.  The career offender provision of the Guidelines, however, is unique and should be accorded particularly heavy weight by sentencing courts.  The Sentencing Commission promulgated the career offender provision pursuant to a clear and specific Congressional policy declaration which was embodied in statute.  In 28 U.S.C. § 994, entitled "Duties of the Commission", Congress directed the Commission to create a guidelines provision that would ensure that a certain, defined

category of repeat offenders (so called "career offenders") would be sentenced to a term of imprisonment at or near the maximum term authorized.

Section 994 directed the Commission as follows:

> (h) The Commission shall assure that the guidelines specify a sentence to a term of imprisonment at or near the maximum term authorized for categories of defendants in which the defendant is eighteen years old or older and--
>
>> (1) has been convicted of a felony that is--
>>
>>> (A) a crime of violence; or
>>>
>>> (B) an offense described in section 401 of the Controlled Substances Act (21 U.S.C. 841), sections 1002(a), 1005, and 1009 of the Controlled Substances Import and Export Act (21 U.S.C. 952(a), 955, and 959), and the Maritime Drug Law Enforcement Act (46 U.S.C. App. 1901 et seq.); and
>>
>> (2) has previously been convicted of two or more prior felonies, each of which is--
>>
>>> (A) a crime of violence; or
>>>
>>> (B) an offense described in section 401 of the Controlled Substances Act (21 U.S.C. 841), sections 1002(a), 1005, and 1009 of the Controlled Substances Import and Export Act (21 U.S.C. 952(a), 955, and 959), and the Maritime Drug Law Enforcement Act (46 U.S.C. App. 1901 et seq.).

28 U.S.C. § 994(h).

In light of this Congressional directive, the Sentencing Commission promulgated the career offender provision of the guidelines -- U.S.S.G. §4B1.1, which essentially mirrors 28 U.S.C. § 994(h). There can be little doubt that the defendant is precisely the type of offender that Congress and the Commission

4

had in mind when promulgating the career offender provisions of § 994(h) and § 4B1.1.  Accordingly, this Court should accord particularly heavy weight to the guideline sentencing range in this case (188 to 235 months) because it is based so clearly on both the Congressional and Commission view that career offenders should be sentenced to a term of imprisonment at or near the maximum allowable.

For the same reasons that the career offender provision is so applicable in this case, the factors listed in 18 U.S.C. § 3553 also support a sentence within the guideline range.  In particular, a sentence of 188 months reflects the seriousness of the offense in this case (selling heroin); the history and characteristics of the defendant (his criminal record speaks for itself); promotes respect for the law (i.e., that at some point, when a defendant has amassed such a lengthy criminal history, it is necessary to remove the defendant from society for a lengthy period); and will provide deterrence and protect the public from further crimes of the defendant.

In short, this is a case where the collective wisdom of Congress and the Sentencing Commission in promulgating the career offender provision reaches the correct and just result, and there is no reason to deviate from that result.  For the foregoing reasons, the government recommends that the Court sentence the defendant to a term of imprisonment of 188 months.

## CONCLUSION

For the foregoing reasons, and those set forth in the PSR, the government recommends that the Court sentence the defendant to a term of incarceration of 188 months, representing the low end of the guideline sentencing range.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney,


                    By:   /S/ PETER K. LEVITT
                          PETER K. LEVITT
                          Assistant U.S. Attorney
                          One Courthouse Way
                          Boston, MA 02210
                          (617)748-3355

October 5, 2005

**CERTIFICATE OF SERVICE**

I, Peter K. Levitt, do hereby certify that a copy of the foregoing was served this day by fax on Samuel Sutter counsel for Nestor Rodriguez.

/s/ PETER K. LEVITT
Peter K. Levitt

October 5, 2005